UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

WILLIAM MORA,                         |
                                      |
        Plaintiff,                    |        Civil Action No. 7:11-0068-KKC
                                      |
v.                                    |
                                      |        **MEMORANDUM OPINION**
MR. RIOS, *et al*.,                   |        **AND ORDER**
                                      |
        Defendants.                   |

***** ***** ***** *****

Plaintiff William Mora, confined in the United States Penitentiary-Coleman II, located in Coleman, Florida, has filed a *pro se* Complaint asserting: (1) constitutional claims under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and (2) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  [R. 2].[1]  Mora has paid the $350.00 filing fee, [R. 4], and has also filed an "Omnibus Motion and Declaration," asking the Court to excuse his failure to administratively exhaust his constitutional claims.  [R. 11].

Because Mora asserts claims against government officials, the Court must screen his Complaint pursuant to 28 U.S.C. §§ 1915A, which requires dismissal of any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief.  *Id*.; *see also McGore v. Wrigglesworth*,

---

[1] The named defendants, all past or current officials of United States Penitentiary-Big Sandy ("USP- Big Sandy"), in Inez, Kentucky are: (1) "Mr." Rios, former Warden; (2) "Mr." Bapps, Associate Warden; (3) "Ms." Linaweaver, Associate Warden; (4) "Mr." Viez, Acting Captain and Administrator of the "Step Down" Program, USP-Big Sandy; (5) Hope Chance, Unit Manager, and (6) four "John Doe" employees.

114 F.3d 601, 607-8 (6th Cir. 1997). As explained below, Mora's constitutional claims are time-barred, and the Court lacks subject matter jurisdiction over his FTCA claims. Accordingly, this action will be dismissed, and Mora's "omnibus motion" will be denied as moot.

## CLAIMS ASSERTED

In early 2009, Mora was confined in USP- Big Sandy. He alleges that in January 2009, his name was improperly included on a list identifying him as a government informant. In response to that occurrence, USP-Big Sandy officials placed him in the C-1 Unit, a semi-secured lockdown unit used as a "Step Down" unit, for his protection. [R. 2, p. 5].

Mora alleges that between January 11, 2009, and February 26, 2009, he notified the defendants in writing that his placement in the C-1 Unit placed him at risk of serious bodily harm and/or possible death. [*Id*., pp. 5-6, ¶¶ 16-23]. On February 26, 2009, while confined in C-1 Unit at USP-Big Sandy, Mora was assaulted and stabbed 47 times. [*Id*., p. 6, ¶ 24]. It appears that Mora was stabbed by another USP-Big Sandy inmate, or inmates, but he did not specifically allege that fact in his Complaint. Mora alleged that as a result of being stabbed, he underwent extensive medical treatment and has sustained serious bodily injuries.[2]

Mora alleged that the defendants failed to protect him, failed to supervise his confinement to prevent injury to him, and demonstrated deliberate indifference to his physical safety in violation of the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment. Mora further alleged that the defendants' disregard of his prior warnings of physical harm constituted negligence under the FTCA. He seeks over $2 million in damages.

---

[2] Mora attached sixty-four (64) pages of medical records related to the February 26, 2009, assault. *See* R. 2-1, pp. 13-75.

### MORA'S EXHAUSTION EFFORTS

On January 12, 2012, the Court asked Mora to provide documentation, if any, of his efforts to administratively exhaust both his *Bivens* and FTCA claims. *See* Order, [R. 10]. Mora responded on January 30, 2012. [R. 11]. With respect to his Eighth Amendment *Bivens* claims, Mora stated that in April 2009, he submitted a BP-9 "Request for Administrative Remedy" to the Warden of USP-Big Sandy,[3] but that he was then transferred to other Bureau of Prisons ("BOP") facilities. Mora states that he was eventually transferred back to USP-Big Sandy; that in August 2009, he tried to file another BP-9 Remedy request about the assault on him; but that USP-Big Sandy informed him that he could not file another BP-9 remedy request while his first remedy request was pending. Mora claims that at that time, USP-Big Sandy staff either failed or refused to inform of the status of the BP-9 Remedy Request he had filed in April 2009.

In October 2009, Mora was transferred to USP-Coleman, where he claims that he inquired with staff there about pursuing his administrative remedies in relation to the February 26, 2009, assault on him at USP-Big Sandy. Mora states that his counselor at USP-Coleman advised him (1) that any attempt to administratively exhaust his claims would be considered untimely because more than six months had expired since the alleged incident, and (2) that Mora could file an FTCA claim based on the assault incident.

In November 2009, Mora filed an FTCA administrative claim alleging that USP-Big Sandy staff failed to prevent the assault. [R. 11-1, pp. 5-6]. On September 8, 2010, the BOP denied Mora's FTCA claim. *See* Michelle Fuseyamore Letter, [R. 11-1, pp. 10-11].

---

[3] Mora did not provide a copy of his purported April 2009 BP-9 Remedy Request.

As to his Eighth Amendment *Bivens* claims, Mora contends that he has presented special circumstances which excuse his failure to comply with the last two steps of the BOP administrative remedy process, *i.e.*, appealing the Warden's response to the BOP Mid-Atlantic Regional Office and if unsuccessful there, appealing that decision to the BOP Central Office. He asserts that these special circumstances are (1) his transfers to other BOP facilities in 2009; (2) USP-Big Sandy staff's failure to respond to his April 2009 BP-9 Remedy Request; and (3) USP-Big-Sandy staff's refusal to let him to file a second BP-9 remedy request in October 2009.

## DISCUSSION
### 1. Official-Capacity *Bivens* claims

Mora has asserted Eighth Amendment failure-to-protect claims against the USP-Big Sandy defendants in their official capacities.  A *Bivens* claim, however, may only be properly asserted against individual federal employees in their individual capacities.  "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity."  *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir.1983), *cert. denied*, 466 U.S. 958 (1984)).

When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Clay v. United States*, No. 05-CV-599-KKC, 2006 WL 2711750 (E.D. Ky. Sept. 21, 2006). Accordingly, Mora's official capacity claims against these defendants will be dismissed with prejudice for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1).

### 2. Individual-Capacity *Bivens* claims

Mora's Eighth Amendment failure-to-protect claims against the defendants, in their

4

individual capacities, will be dismissed as time-barred.  His claims arose in Kentucky, in which

a civil rights action must be filed one year from the date on which the cause of action accrued.

Ky. Rev. Stat. Ann. § 413.140(1)(a);  *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

A claim accrues on the date on which the plaintiff first knew of, or had reason to know of, the

existence of his claim.  *Fox v. DeSoto*, 489 F.3d 227, 232-33 (6th Cir. 2007); *Kelly v. Burks*, 415

F.3d 558, 561 (6th Cir. 2005); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).  In this case,

Mora's Eighth Amendment claims arose on February 26, 2009, the date of the alleged assault.

Mora did not file suit on these claims until May 3, 2011, over two years after the alleged event.

Typically, the statute of limitations period is tolled while a prisoner administratively

exhausts prison condition claims pursuant to 42 U.S.C. § 1997e(a), the Prison Litigation Reform

Act, ("PLRA").  *See Waters v. Evans*, 105 F. App'x 827, 829 (6th Cir. 2004); *Brown v. Morgan*,

209 F.3d 595, 596 (6th Cir. 2000).  The PLRA requires state and federal prisoners to exhaust all

available administrative remedies before filing suit challenging any aspect of their prison

conditions.  The four-tiered administrative remedy scheme available to Bureau of Prisons

("BOP") inmates complaining about any aspect of their confinement is set out in the BOP's

Administrative Remedy Program, 28 C.F.R. §§ 542.10-542.19.[4]

---

[4] The multi-step administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F. R. §542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* §542.14(a).  If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11].  *See* §542.15.

The administrative procedure includes established response times.  §542.18.  As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days.  Only one extension of time of 20-30 days, in writing, is permitted the agency.  If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level.  *Id.*

The one-year statute of limitations in this case can not be tolled, however, because Mora has now explained that he did not administratively exhaust his claims. Mora contends that his transfers to other BOP facilities, and the Warden's failure to respond to his April 2009 "BP-9" Remedy Request, excused him from fully exhausting his claims. These arguments lack merit.

First, a prisoner's subsequent transfer to another prison facility does not relieve him of his obligation to administratively exhaust his claims at the facility where the claims arose. *See*, *e.g.*, *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) (finding that prisoner's subsequent transfer to another facility did not excuse him from exhausting his administrative remedies); *Wiley v. Boone County Sheriff's Office*, No. 09-CV-98-WOB, 2009 WL 2390164, at *3 (E.D. Ky. August 04, 2009) (same); *Prickett v. Lawson*, No. 6:07-CV-041, 2008 WL 5046063, at *3 (S.D. Ga. Nov. 24, 2008) (same); *Sims v. Blot*, No. 00 CIV.2524(LAP), 2003 WL 21738766, at *4 (S.D.N.Y. July 25, 2003) (same); *Thomas v. Henry*, No. 02 CIV.2584(SJR), 2002 WL 922388, at *2 (S.D.N.Y. May 7, 2002) (finding that prisoner's transfer from a city jail to a state prison did not relieve him from pursuing grievance procedures).

Thus, Mora's subsequent transfer in the Spring of 2009 did not prevent him from exhausting his *Bivens* claims, especially since he was transferred to other BOP facilities where he could have easily obtained the necessary BOP administrative appeal forms.

Second, the Warden's alleged failure to respond to Mora's April 2009 BP-9 Remedy Request would not, and should not, have prevented Mora from pursuing the next two levels of the BOP administrative remedy process. Title 28 C.F.R. § 542.18 states in relevant part that: "If the inmate does not receive a response within the time allotted for reply, including extension, the

inmate may consider the absence of a response to be a denial at that level."

Accepting as true Mora's claim that in April 2009 he submitted to the Warden of USP-Big Sandy a BP-9 Remedy Request alleging that the staff failed to prevent the assault on him, and further assuming that the Warden did not respond to Mora's BP-9 Remedy Request within the twenty-day response time, at that point Mora would have been required to: (a) consider his BP-9 Remedy Request as denied by the Warden, and (b) file a BP-10 appeal with the BOP Regional Director within the following twenty days. *See Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011); *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004) ("administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance"). Because Mora did not appeal to the Regional Director after the Warden's twenty-day response time expired, he failed to properly exhaust his Eighth Amendment claims.

*Jones v. Bock*, 549 U.S. 199 (2007), held that an inmate need not plead exhaustion in his Complaint, but district courts may nevertheless dismiss a complaint where failure to exhaust is apparent from the face of the complaint. *Id.* at 921. Numerous courts have also held, post-*Jones v. Bock*, that a district court may inquire, *sua sponte*, whether a claim has been exhausted, and if the prisoner responds that the claim has not been exhausted, it may dismiss the complaint after giving the inmate notice and an opportunity to address the exhaustion issue. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Anderson v. Donald*, No. 06-16322, 2008 WL 73672, at * 2 (11th Cir. Jan. 8, 2008), *cert. denied*, 552 U.S. 1245 (Mar. 3, 2008); *Carmichael v. Ozmint*, No. 08-79, 2009 WL 3805297, at *2 (D.S.C. Nov 12, 2009); *Clayborne v. Epps*, No. 2:06cv232-KS, 2008 WL 4056293, at * 5, n. 7 (S.D. Miss., August 25, 2008); *Graham v.*

*Stansberry*, No. 07-3015, 2008 WL 3910689, at *11 (E.D.N.C. August 20, 2008) (ordering prisoner to explain his exhaustion efforts as to claims raised in an amended complaint filed on the same day he arrived at prison which was the subject of his amended complaint); *Wiley*, 2009 WL 2390164, at *3 (citing *Moore v. Bennette*); *Ghosh v. McClure*, No. H-05-4122, 2007 WL 400648, at *6 (S.D. Tex., January 31, 2007) (dismissing a civil rights action where, in response a court order requiring the prisoner to file a more definite statement of his claims, he conceded that he had not administratively exhausted his claims).

Thus, a district court may still dismiss an action for failure to exhaust administrative remedies if the record provides a sufficient basis for the finding. *See Sharpe v. Idemudia*, No. 2:07-14386, 2008 WL 2607822, at *5, (E.D. Mich., June 30, 2008); *White v. Warren*, No. 2:07cv12531, 2009 WL 276950, at *7, n.1 (E.D. Mich., February 05, 2009)(addressing, *sua sponte*, prisoner's failure to exhaust his claims where defendants failed to do so); *Newson v. Steele*, No. 09-10346, 2010 WL 3123295, at *4 (E.D. Mich. July 01, 2010) (same).

Mora's explanation of his exhaustion efforts, set forth in his January 30, 2012, "omnibus motion," establishes in this record that he did not fully and properly exhaust his Eighth Amendment claims according to 28 C.F.R. § 542.10-.19.  Prisoners must "properly" exhaust their condition of confinement claims prior to filing suit in federal court.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  The administrative exhaustion process enables the federal agency to address the issue on the merits.  *Id*.  That result did not occur in this case.

Mora's individual capacity Eighth Amendment claims are therefore barred by Kentucky's one-year statute of limitations, which was not tolled in this case, and will be dismissed with

8

prejudice.  Mora's "omnibus motion," seeking a waiver of the exhaustion requirement, will therefore be denied as moot.

### 3.  FTCA Claims

Mora asserts claims under the FTCA, a limited waiver of sovereign immunity which permits an action against the United States for wrongful acts committed by its employees during the course of their employment.  *See Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir. 1975); *United States v. Orleans*, 425 U.S. 807, 813 (1975).  The FTCA is the exclusive remedy for such acts or omissions.  28 U.S.C. § 2679.  The Court lacks subject matter jurisdiction over Mora's FTCA claims for two  reasons.

First, a claim under the FTCA may only be asserted against the United States.  *See* 28 U.S.C. § 2674; *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990); *Atorie Air, Inc. v. Fed. Aviation Admin*., 942 F.2d 954, 957 (5th Cir.1991).  Mora did not name the United States as a party to this action, and he cannot recover damages under the FTCA from the various individually-named USP-Big Sandy defendants.  *See Smith v. United States*, No. 4:10-CV-P47, 2010 WL 3927506, at *3 (W. D. Ky. October 4, 2010); *Leach v. Department of Veterans Affairs*, No. 3:08-CV-469-C, 2009 WL 1852543, at *2 (W.D. Ky. June 29, 2009).

Second, even had Mora named the United States, the Court would still lack subject matter jurisdiction over his FTCA claims because he did not file suit on them within the prescribed six-month time-frame.  An FTCA action is barred unless:  (1) an administrative claim is presented to the appropriate federal agency for administrative settlement within two years of its accrual, and (2) the agency has denied the claim.  28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S.

106, 111 (1993); *Garrett v. United States,* 640 F.2d 24, 25 (6th Cir. 1981).  A claimant must then commence an action in federal court within six months of the agency's denial of the claim.  28 U.S.C. § 2401(b); *Blakely v. United States,* 276 F.3d 853, 865 (6th Cir. 2002).

Compliance with **both** statutory conditions is a jurisdictional prerequisite to filing suit under the FTCA in federal court; the claim is barred absent satisfaction of both requirements.  28 U.S.C. § 2401(b); *Blakely,* 276 F.3d at 865; *Rogers v. United States*, 675 F.2d 123 (6th Cir.1982); *Garrett,* 640 F.2d at 25.   In other words, timely and complete administrative exhaustion and compliance with **both** statutes of limitations are conditions of the FTCA's waiver of sovereign immunity.  *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

Mora unquestionably submitted a timely FTCA claim to the BOP, but he did not file this action within six months of the BOP's denial of his FTCA claim.  As noted, the BOP denied Mora's FTCA claim, (No. 2010-00898), on September 8, 2010.  *See* Fuseyamore Letter, [R. 11-1, pp. 10-11].  Fuseyamore expressly (and correctly) informed Mora that "If you are not satisfied with our determination in this matter, you may file suit in the appropriate U.S. District Court no later than six months from the date of this letter."  [*Id*., p. 11].  Thus, Mora had six months from the date of Fuseaymore's letter, *i.e.*, until **March 8, 2011**, in which to file suit in this Court on his FTCA claims.  *See* 28 U.S.C. §2401(b).  Mora did not file this action asserting his FTCA claim on or before March 8, 2011; he instead filed it almost two months later, on **May 3, 2011**

Because Mora did not file this FTCA action within six months of the BOP's denial of his administrative claim, the Court lacks subject matter jurisdiction over his FTCA claims.  *See Glarner v. U.S., Dep't of Veterans Admin*., 30 F.3d 697, 700 (6th Cir. 1994). Mora's FTCA

10

claims will be dismissed.

**CONCLUSION**

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1)    Plaintiff William Mora's Eighth Amendment failure-to-protect claims are

**DISMISSED WITH PREJUDICE**;

(2)    Mora's FTCA claims are **DISMISSED** for lack of subject matter jurisdiction;

(3)    Mora's omnibus motion seeking a waiver of the administrative exhaustion

requirement, [R. 11], is **DENIED** as **MOOT**;

(4)    This action is **STRICKEN** from the docket of the Court; and

(5)    Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of the Defendants.

Dated this 6th day of February, 2012.

Signed By:

*Karen K. Caldwell*

**United States District Judge**